WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristina K Cashman, et al., | No. CV-22-01184-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Pacific Indemnity Company, et al., | |
| Defendants. | |

**I.**

Plaintiffs initiated this action in Arizona Superior Court in July 2021. In their Amended Complaint, Plaintiffs allege three claims under Arizona state law: breach of insurance contract, tortious bad faith, and aiding and abetting. (Doc. 1-3 at 21–25.) The Amended Complaint names seven Defendants: Pacific Indemnity Company ("Pacific"); Chubb Indemnity Insurance Company ("Chubb"); Madsen, Kneppers & Associates Incorporated ("Madsen"); Worley Companies; Infinity Insurance Services LLC ("Infinity"); Kathleen Gibbs; and Kenneth Turner. (*Id.* at 15–17.) Defendants Gibbs and Turner are Arizona residents and Defendant Infinity is an Arizona limited liability company. (*Id.* at 16.)

While this action was pending in Superior Court, the parties agreed to dismiss all Defendants except Pacific and Chubb. (Doc. 1-3 at 28–29.) Before the parties' stipulation was ruled on, however, Defendants removed the action to this Court. (Doc. 1). The stipulation therefore remains pending. (Doc. 9.) As a result, Defendants

Gibb, Turner, and Infinity remain parties to this action.

**II.**

Before the Court can address the parties' stipulation, the Court must determine whether it has subject matter jurisdiction over this action. Removal is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). For removal to be proper, therefore, the district court must generally have original jurisdiction over the removed action. There are two principal forms of original district court jurisdiction: federal question jurisdiction and diversity jurisdiction. Here, Defendants invoke diversity jurisdiction as the basis for their removal. (Doc. 1 at 3.)

Diversity jurisdiction requires complete diversity of the parties. *See* 28 U.S.C. § 1332; *see also Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996) ("[Diversity jurisdiction] applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). Complete diversity must exist at the time of removal. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ("[W]hen an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."); *Price v. AMCO Ins. Co.*, No. 17-cv-01053, 2017 WL 4511062, at *2 (E.D. Cal. Oct. 10, 2017) ("[D]iversity jurisdiction requires complete diversity of citizenship both at the time the action was commenced in state court and at the time of removal. However, an exception to this rule applies if a subsequent voluntary act of the plaintiff brings about a change that renders the case removable. When this occurs, the court is instructed to look to the citizenship of the parties on the basis of the pleadings filed at the time of removal." (cleaned up)).

Complete diversity did not exist when the instant case was removed. While the parties had agreed to dismiss nondiverse Defendants Gibb, Turner, and Infinity, their stipulation to dismiss was not granted before Defendants filed the notice of removal.

Accordingly, nondiverse Defendants remain parties to this case. Complete diversity is therefore absent and removal is improper until such Defendants have been formally dismissed from the action. *See Price*, 2017 WL 4511062, at *2 (collecting cases and remanding under similar facts).

### III.

Accordingly,

**IT IS ORDERED** remanding this action to the Arizona Superior Court in Maricopa County.

Dated this 27th day of July, 2022.

Michael T. Liburdi
United States District Judge